IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT AMOS BOGANY,      §
     §
      *Petitioner*,      §
     §
v.      §      CIVIL ACTION No. H-12-0578
     §
WILLIAM STEPHENS,      §
     §
      *Respondent*.      §

## MEMORANDUM OPINION AND ORDER

Petitioner, Robert Amos Bogany, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 1974 conviction and seven-year sentence for theft. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 17).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I.  BACKGROUND AND CLAIMS

Petitioner was convicted of theft in 1974 and sentenced to seven years incarceration. He did not appeal the conviction, and his application for state habeas relief, filed in June 2011, was denied by the Texas Court of Criminal Appeals in August 2011.

In 1984, petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to ninety-nine years incarceration. The conviction was affirmed on appeal in 1985, and the Texas Court of Criminal Appeals denied his application for state habeas relief in 1986.

Petitioner raises the following two claims for federal habeas relief in the instant petition:

1.  Petitioner was denied his Fifth Amendment rights in that the 1974 judgment for theft failed to invoke the trial court's subject matter jurisdiction because the underlying complaint failed to reference the "174th District Court" or "cause number 189106."

2.  The use of the theft conviction to enhance his punishment in the aggravated robbery conviction violated his Fifth Amendment rights because the theft conviction was null and void.

Respondent contends that these claims must be dismissed because petitioner is no longer in custody under the 1974 theft conviction. In the alternative, respondent argues that the claims are barred by limitations.

## II.   THE APPLICABLE LEGAL STANDARDS

A.   <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U .S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by

2

the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

4

## III.  ANALYSIS

A.    Lack of Jurisdiction

Respondent argues that this Court is without jurisdiction to consider petitioner's challenges to his 1974 conviction, as he has discharged that sentence and is no longer "in custody" pursuant to that conviction.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). However, and as recognized by respondent, a petitioner may be able to challenge a discharged sentence if the sentence is used to enhance a subsequent conviction.  The challenge would be raised as a habeas challenge to the subsequent conviction, not as to the discharged conviction.  *Id.*, at 490–91 (holding that section 2254's "in custody" requirement is satisfied when a habeas petitioner attacks an expired conviction used to enhance his current punishment if the petition can be read as challenging the current conviction); s*ee also Bogany v. Director, TDCJ*, C.A. No. 1:09-cv-903 (E.D. Tex. 2010) (dismissing for lack of jurisdiction the same claims raised in the instant petition, as the petition challenged the 1974 conviction).  Thus, petitioner's challenges to the 1974 conviction would need to be raised in context of a federal habeas challenge to the 1984 aggravated robbery conviction, or to his most recent conviction, a 2006 conviction and ninety-nine year sentence for possession of a controlled substance with intent to deliver.

Accordingly, to any extent the instant petition stands as a section 2254 challenge to the validity of the 1974 conviction, the petition is subject to dismissal for lack of jurisdiction.

5

B.      Limitations Bar

However, given a liberal construction, petitioner's petition may be construed as challenging the validity of his 1974 theft conviction in context of the 1984 aggravated robbery conviction. *See Maleng*, 490 U.S. at 490–91.   In adopting this construction, the Court relies on petitioner's statement in his petition that he is challenging "a judgment of conviction or sentence used to enhance cause number 346756," which is a reference to the 1984 aggravated robbery conviction. (Docket Entry No. 1, p. 2.)  The parties do not dispute that the 1974 theft conviction was used to enhance the 1984 conviction.

In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001), the Supreme Court held that attacks on expired convictions used to enhance current sentences generally do not state a cognizable claim in section 2254 proceedings where the state challenges to the expired convictions are themselves time barred.  The major exception to that rule involves cases in which the habeas applicant alleges the denial of his right to the appointment of counsel.  Petitioner does not claim or meet that exception, thus the Court must consider whether petitioner's pending challenges in context of the 1984 conviction are time barred.

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l), (2).

Respondent argues that petitioner's claims, in context of the 1984 conviction, are barred by limitations.  Petitioner's aggravated robbery conviction in cause number 346756 became final prior to the enactment of the AEDPA statute of limitations provision on April 24, 1996.  Petitioner had until April 24, 1997, one year after the effective date of AEDPA, to pursue his state court remedies and file a federal petition regarding his 1984 conviction.

*See Flanagan v. Johnson*, 154 F.3d 196, 200, 202 (5th Cir. 1998). However, petitioner filed, and the Texas Court of Criminal Appeals denied, his application for state habeas relief in 1986. Accordingly, his federal petition challenging the 1984 conviction was due no later than April 24, 1997, and the instant petition, construed as a challenge to the 1984 conviction, is barred by limitations.

In his response to the motion for summary judgment, petitioner argues that his petition is timely because it was filed within one year after the Texas Court of Criminal Appeals denied his state application for habeas relief. Petitioner is apparently referring to the application for state habeas relief he filed in 2011 regarding the 1974 theft conviction. His 2011 challenge to the 1974 conviction, however, would have no bearing on his instant challenge to the 1984 conviction. Regardless, any conviction arising prior to the enactment of AEDPA in 1996 would remain governed by the limitations provision of section 2244(d), and the deadline for any federal habeas petition would be April 24, 1997, unless a relevant state habeas application were pending as of that date. *See Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998) (holding that an application pending in state court during the one-year grace period would toll the April 24, 1997, deadline). Petitioner's one-year limitation commenced on April 24, 1996, and expired on April 24, 1997. His state application, filed in 2011, was filed after expiration of limitations and had no tolling effect, even if it were applicable to the 1984 conviction. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *see also Villegas*

*v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (holding that expired limitations period cannot be revived by filing a state habeas petition).

The instant petition, construed as a federal habeas petition challenging the validity of the 1974 conviction as was used to enhance petitioner's 1984 conviction, is barred by the federal one-year statute of limitations.   Respondent is entitled to summary judgment dismissal of petitioner's claims.

## IV.   CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.   A certificate of appeal ability is **DENIED**.   Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 19th day of March, 2014.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9